IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

vs.

ANTHONY KYLE MCGREGOR,

    Defendant.

Case No. 6:18-cr-00490-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Now before the Court is defendant Anthony Kyle McGregor's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 38. For the reasons set for the below, the motion is DENIED.

### LEGAL STANDARD

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only on a motion by the Bureau of Prisons ("BOP"). The First Step Act, Pub. L. No. 115-391, § 603, 132 Stat.

PAGE 1 – ORDER AND OPINION

5194, 5239 (Dec. 21, 2018), amended § 3582 to authorize courts to grant compassionate release motions filed by defendants where they had petitioned BOP to bring a motion on the defendants' behalf and either they had exhausted all administrative appeals after a denial or thirty days had elapsed since the Warden received their request.

Section 3582(c)(1)(A) authorizes a court to modify a defendant's sentence if it finds that two conditions have been satisfied: (1) that "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In making this determination, the Court must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" Id. (emphasis added).

The relevant policy statement for sentence reductions under the compassionate release statute is found in the United States Sentencing Guidelines, § 1B1.13. According to the policy statement "extraordinary and compelling reasons" for release are: (1) the "Medical Condition of the Defendant" – the defendant is suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[;]" (2) the "Age of the Defendant" – the defendant is at least 65 years old, is experiencing serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term

PAGE 2 – ORDER AND OPINION

of imprisonment, whichever is less; (3) "Family Circumstances" – the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; and (4) any other extraordinary and compelling reasons determined by the Director of BOP. U.S.S.G. § 1B1.13 cmt. 1.

Although the fourth category of "extraordinary and compelling reasons" encompasses other circumstances as determined by the BOP director, § 1B1.13 cmt. 1(D), the Court follows the majority of federal district courts that "have found that the most natural reading of the amended § 3582(c) and 28 U.S.C. § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, No. 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020); *see also United States v. Joling*, No. 6:15-cr-00113-AA, 2020 WL 1903280, at *3 (D. Or. Apr. 17, 2020). Nevertheless, the policy statement remains instructive. *See United States v. Hanson*, No. 6:13-cr-00387-AA-1, 2020 WL 3605845, at *3 (D. Or. July 2, 2020); *United States v. Haft*, No. 3:12-cr-42-SI, 2020 WL 3412195, at *2 (D. Or. June 22, 2020).

## DISCUSSION

On March 12, 2019, defendant pleaded guilty to two counts of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(viii) pursuant to a negotiated settlement with the government. Doc. 22. On March 20, 2019, the Court sentenced defendant to 60 months in custody

on both counts. Doc. 28. Defendant is currently projected to be released from custody on December 1, 2022.

On April 20, 2020, plaintiff filed a motion to vacate or correct sentence under 28 U.S.C. § 2255. Doc. 30. The substance of that motion, however, requested relief 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court appointed the Federal Public Defender to represent defendant in this motion. Doc. 35. Defendant then refiled a full motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 38. The Court held two hearings on this matter on July 15, 2020 and October 6, 2020. Docs. 48 and 49.

Initially, the Court notes that defendant submitted a request for compassionate release to the warden of the institution where he is housed on May 7, 2020. The Warden denied the request on June 10, 2020 and submitted an appeal of that denial. Accordingly, this motion is properly before the Court.

I.   *Extraordinary and Compelling Reasons*

Section 1B1.13 of the U.S. Sentencing Guidelines identifies four categories of extraordinary and compelling reasons. See U.S.S.G. § 1B1.13 cmt. n. 1(A)-(D). As relevant here, § 1B1.13 provides that extraordinary and compelling reasons exist, inter alia, when "the defendant is suffering from a serious physical or medical condition, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover" and in circumstances "other than, or in combination with" the other three categories. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii), 1(D).

Defendant is 35 years old and suffers from various underlying conditions including asthma, hepatitis C, back and shoulder pain, herpes, anxiety, and depression. Defendant also has been recently diagnosed with high blood pressure. Though defendant is young, his asthma, hepatitis C, and hypertension are recognized risk factors for developing severe complications from the 2019 novel coronavirus ("COVID-19"). Defendant is currently held at FCI Terminal, which suffered a severe COVID-19 outbreak in 2020. Currently, the BOP reports one positive inmate at FCI Terminal Island. https://www.bop.gov/coronavirus/ (last visited January 14, 2021 at 10:30 AM).

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release … is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress and the Sentencing Commission for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). The Court cannot conclude that defendant met that burden here.

During the COVID-19 pandemic, many courts have recognized that, when a defendant has a chronic medical condition that may substantially increase the defendant's risk of becoming seriously ill or dying from COVID-19, that condition may satisfy the standard of extraordinary and compelling reasons. *See Hanson*, 2020 WL

##, at *7–9; *United States v. Barber*, No. 6:18-cr-00446-AA-1, 2020 WL 2404679, at *4–5 (D. Or. May 12, 2020); *Joling*, 2020 WL 1903280, at *4–5.

The Court first notes that it appears that FCI Terminal Island appears to have contained its COVID-19 outbreak. Some of defendant's underlying conditions may put him at higher risk for developing complications from COVID-19. However, as the Court noted at oral argument, defendant's conditions appear to adequately be managed at this time. Accordingly, the Court finds that defendant in this case has not shown extraordinary and compelling reasons justifying release.

II.     *§ 3553(a) Factors*

Next, the Court reviews the § 3553(a) sentencing factors. In imposing a sentence which is "sufficient, but not greater than necessary," a court considers, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing including punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a).

Defendant has served more than half of his imposed sentence. Defendant has engaged in program while in prison to help rehabilitate himself, even earning his GED. The Government presents no arguments that a sentence of time served would fail to meet the sufficient but not greater than necessary standard.

III.    *Dangerousness*

Finally, the Court considers whether defendant presents a danger to the community. U.S.S.G. § 1B1.13(2). Under § 3142(g), a court must consider the following factors in determining whether conditions of release will reasonably assure the safety of any other person and the community: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Here, the Court finds that defendant would present a danger to the community if released. Defendant proposes that he be released to Roseburg to live with his sister. However, Roseburg is where the criminal activity in this case took place. The Court is also concerned with defendant's history of domestic abuse, which was committed against women still living in Roseburg. This activity reoccurred over the course of several years prior to defendant's release. Holding a job and being near family in Roseburg did not prevent defendant from threatening and assaulting women or dealing drugs to the community prior to his arrest. In sum, the Court finds that defendant would pose a danger in community upon release.

## CONCLUSION

The Court finds that defendant has not shown extraordinary and compelling reasons justifying compassionate release. The Court also finds that defendant would present a danger to the community pursuant to 18 U.S.C. § 3142(g).

PAGE 7 – ORDER AND OPINION

Accordingly, defendant's motion to reduce sentence (doc. 38) is DENIED.

Defendant's initial pro se motion (doc. 30) is also DENIED.

    IT IS SO ORDERED

    DATED THIS <u>15th</u> day of January 2021

<u>    /s/Ann Aiken    </u><br>
Ann Aiken<br>
U.S. District Court Judge

PAGE 8 – ORDER AND OPINION